IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, on behalf of the Secretary of Veterans Affairs,<br><br>   Plaintiff,<br><br>v.<br><br>1) JOSEPH W. LINKENHEIMER III<br>aka Joseph W. Linkenheimer<br>aka Joseph Linkenheimer aka Joe Linkenheimer<br>aka Joe W. Linkenheimer<br>aka Joseph William Linkenheimer;<br>2) JENNIFER R. WIRT<br>aka Jennifer R. Linkenheimer;<br>3) STATE OF OKLAHOMA<br>*ex rel.* Department of Human Services;<br>4) GUARDIAN SECURITY SYSTEMS, INC.;<br>5) STATE BANK & TRUST, N.A., a state banking corporation;<br>6) STATE OF OKLAHOMA<br>*ex rel.* Oklahoma Tax Commission;<br>7) MOODY'S JEWELRY, INC.;<br>8) COUNTY TREASURER,<br>Tulsa County, Oklahoma;<br>9) BOARD OF COUNTY COMMISSIONERS,<br>Tulsa County, Oklahoma,<br><br>   Defendants. | **FILED**<br>APR 1 0 2007<br>Phil Lombardi, Clerk<br>U.S. DISTRICT COURT<br><br><br>07CV 202 TCK-PJC<br><br>) CASE NO. |

## COMPLAINT

The United States of America, on behalf of the Secretary of Veterans Affairs, by

David E. O'Meilia, United States Attorney for the Northern District of Oklahoma, through

Phil Pinnell, Assistant United States Attorney, files its Complaint against Defendants,

Joseph W. Linkenheimer III aka Joseph W. Linkenheimer aka Joseph Linkenheimer aka Joe Linkenheimer aka Joe W. Linkenheimer aka Joseph William Linkenheimer; Jennifer R. Wirt aka Jennifer R. Linkenheimer; State of Oklahoma *ex rel.* Department of Human Services; Guardian Security Systems, Inc.; State Bank & Trust, N.A., a state banking corporation; State of Oklahoma *ex rel.* Oklahoma Tax Commission; Moody's Jewelry, Inc.; County Treasurer, Tulsa County, Oklahoma; and Board of County Commissioners, Tulsa County, Oklahoma.

1. This Court has jurisdiction by virtue of 28 U.S.C. Section 1345.

2. This is an action for an *in rem* judgment and foreclosure of a mortgage on real property located within the Northern District of Oklahoma. The addresses of the Defendants are as follows:

> Joseph W. Linkenheimer III
> aka Joseph W. Linkenheimer aka Joseph Linkenheimer
> aka Joe Linkenheimer aka Joe W. Linkenheimer
> aka Joseph William Linkenheimer
> 4323 East 5th Street
> Tulsa, OK 74112
>
> Jennifer R. Wirt aka Jennifer R. Linkenheimer
> 4323 East 5th Street
> Tulsa, OK 74112
>
> State of Oklahoma *ex rel.*
> Department of Human Services
> 440 South Houston, Suite 401
> Tulsa, OK 74127-8927
>
> Guardian Security Systems, Inc.
> Service Agent: Mike Hankins
> 6945 East 11th Street
> Tulsa, OK 74112

State Bank & Trust, N.A., a state
   banking corporation
Richard D. White, Jr., Esq.
111 West 5th Street, Suite 510
Tulsa, OK 74103-4259

State of Oklahoma *ex rel.*
Oklahoma Tax Commission
P.O. Box 53248
Oklahoma City, OK 73152-3248

Moody's Jewelry, Inc.
Service Agent: Ernest L. Moody
1137 South Harvard
Tulsa, OK 74112

County Treasurer
J. Dennis Semler
Tulsa County Courthouse
Tulsa, OK 74103

Board of County Commissioners
Earlene Wilson, County Clerk
Tulsa County Courthouse
Tulsa, OK 74103

3. On May 28, 1987, Deborah C. Moore executed and delivered to Firstier Mortgage Co. her mortgage note in the amount of $43,400.00, payable in monthly installments, with interest thereon at the rate of 10.0 percent per annum. A copy of this note is attached as Exhibit "A" and incorporated.

4. As security for the payment of the above-described note, Deborah C. Moore, a single person, executed and delivered to Firstier Mortgage Co. a real estate mortgage dated May 28, 1987, covering the following described property, situated in the State of Oklahoma, Tulsa County:

> LOT FIFTEEN (15), BLOCK ONE (1), CLAY-LIND HEIGHTS, AN ADDITION TO THE CITY OF TULSA, COUNTY OF TULSA, STATE OF OKLAHOMA, ACCORDING TO THE RECORDED PLAT THEREOF.

This mortgage was recorded on June 4, 1987, in Book 5028, Page 610, in the records of Tulsa County, Oklahoma. A copy is attached as Exhibit "B" and incorporated.

5. On January 26, 1994, Brenda K. Barrett as Attorney In Fact for Deborah C. Moore, a single person, executed a General Warranty Deed conveying all right, title and interest in the subject real property to Joseph W. Linkenheimer, III, a single person, and Jennifer R. Wirt, a single person, said deed being recorded on January 27, 1994, in Book 5589, Page 283 in the records of Tulsa County, Oklahoma. A copy of this deed is attached as Exhibit "C" and incorporated.

6. The Secretary of Veterans Affairs is now the owner of the above-described note and mortgage via mesne conveyances. On January 4, 2006, MidFirst Bank assigned the above-described note and mortgage to the Secretary of Veterans Affairs. This Assignment of Mortgage was recorded on November 15, 2006, as Document No. 2006131736 in the records of Tulsa County, Oklahoma. A copy of this assignment is attached as Exhibit "D" and incorporated.

7. The terms and conditions of the note and mortgage described above have been broken in that the Defendants, Joseph W. Linkenheimer III aka Joseph W. Linkenheimer aka Joseph Linkenheimer aka Joe Linkenheimer aka Joe W. Linkenheimer aka Joseph William Linkenheimer and Jennifer R. Wirt aka Jennifer R. Linkenheimer, have failed to make the

monthly installments thereon although payment has been demanded. Under the terms of the note and mortgage, upon default in the payments due or breach of any of the conditions, Plaintiff is entitled to declare the balance due and payable immediately in its entirety and, pursuant thereto, Plaintiff has elected to declare the balance due and payable. Plaintiff alleges that there is now due and owing under the note and mortgage, after full credit for all payments made, the principal sum of $42,929.85, plus administrative charges in the amount of $108.50, plus penalty charges in the amount of $74.16, plus accrued interest in the amount of $1,450.68 as of January 3, 2007, plus interest accruing thereafter at the rate of 8.0 percent per annum until judgment, plus interest thereafter at the legal rate until fully paid.

8. In view of the default of the Defendants, Plaintiff is entitled to have foreclosure of its real estate mortgage on the above-described real property and to have the premises sold to satisfy said note and mortgage, plus any additional sums advanced or to be advanced or expended during this foreclosure action by Plaintiff for taxes, insurance, abstracting, or sums for the preservation of the subject property, plus the costs of this action.

9. The Defendant, State of Oklahoma *ex rel.* Department of Human Services, may claim some right, title, or interest in the property being foreclosed by virtue of a Statement of Judgment, recorded on January 8, 1997, in Book 5875, Page 2694 in the records of Tulsa County, Oklahoma; and by virtue of a Statement of Judgment, recorded on July 24, 2000, in Book 6393, Page 0505 in the records of Tulsa County, Oklahoma. Any claim based upon said statements of judgment is subsequent, junior, and inferior to the Plaintiff's lien upon the

subject property. This Defendant should be required to appear and assert any right, title, or interest which it has, or claims to have, in the subject property or be forever barred.

10. The Defendant, Guardian Security Systems, Inc., may claim some right, title, or interest in the property being foreclosed by virtue of a Statement of Judgment, recorded on April 28, 1999, in Book 6206, Page 1772 in the records of Tulsa County, Oklahoma. Any claim based upon said statement of judgment is subsequent, junior, and inferior to the Plaintiff's lien upon the subject property. This Defendant should be required to appear and assert any right, title, or interest which it has, or claims to have, in the subject property or be forever barred.

11. The Defendant, State Bank & Trust, N.A., a state banking corporation, may claim some right, title, or interest in the property being foreclosed by virtue of a Statement of Judgment, recorded on June 3, 1999, in Book 6224, Page 1647 in the records of Tulsa County, Oklahoma. Any claim based upon said statement of judgment is subsequent, junior, and inferior to the Plaintiff's lien upon the subject property. This Defendant should be required to appear and assert any right, title, or interest which it has, or claims to have, in the subject property or be forever barred.

12. The Defendant, State of Oklahoma *ex rel.* Oklahoma Tax Commission, may claim some right, title, or interest in the property being foreclosed by virtue of Tax Warrant No. ITI2000009282-00, dated December 28, 2000, and recorded on January 16, 2001, in Book 6463, Page 0394 in the records of Tulsa County, Oklahoma; and by virtue of Tax Warrant No. ITI2000009281-00, dated December 28, 2000, and recorded on January 16, 2001, in

Book 6463, Page 0395 in the records of Tulsa County, Oklahoma. Any claim based upon said tax warrants of judgment is subsequent, junior, and inferior to the Plaintiff's lien upon the subject property. This Defendant should be required to appear and assert any right, title, or interest which it has, or claims to have, in the subject property or be forever barred.

13. The Defendant, Moody's Jewelry, Inc., may claim some right, title, or interest in the property being foreclosed by virtue of a Statement of Judgment, recorded on April 12, 2002, in Book 6729, Page 1546 in the records of Tulsa County, Oklahoma. Any claim based upon said statement of judgment is subsequent, junior, and inferior to the Plaintiff's lien upon the subject property. This Defendant should be required to appear and assert any right, title, or interest which it has, or claims to have, in the subject property or be forever barred.

14. The Defendants, County Treasurer, Tulsa County, Oklahoma, and Board of County Commissioners, Tulsa County, Oklahoma, may claim some right, title, or interest in the property being foreclosed by virtue of real estate and/or personal property taxes which are or may become a lien against the real estate being foreclosed. These Defendants should be required to appear and set forth any right, title, or interest which they have, or claim to have, in the subject property or be forever barred.

15. Plaintiff further states that the Internal Revenue Service has a lien upon the property by virtue of a Notice of Federal Tax Lien dated November 15, 2001, and recorded on November 27, 2001, in Book 6640, Page 0024 in the records of the Tulsa County Clerk, Tulsa County, Oklahoma. Inasmuch as government policy prohibits the joining of another federal agency as party defendant, the Internal Revenue Service is not made a party hereto;

however, by agreement of the agencies the lien will be released as to the subject real property at the time of sale should the property fail to yield an amount in excess of the debt to the Internal Revenue Service.

WHEREFORE, Plaintiff prays for an *in rem* judgment against the Defendants, Joseph W. Linkenheimer III aka Joseph W. Linkenheimer aka Joseph Linkenheimer aka Joe Linkenheimer aka Joe W. Linkenheimer aka Joseph William Linkenheimer and Jennifer R. Wirt aka Jennifer R. Linkenheimer, in the principal amount of $42,929.85, plus administrative charges in the amount of $108.50, plus penalty charges in the amount of $74.16, plus accrued interest in the amount of $1,450.68 as of January 3, 2007, plus interest accruing thereafter at the rate of 8.0 percent per annum until judgment, plus interest thereafter at the legal rate until fully paid, plus any additional sums advanced or to be advanced or expended during this foreclosure action by the Plaintiff for taxes, insurance, abstracting, or sums for the preservation of the subject property, including the costs of this action and any other advances. Plaintiff further prays for a judgment of foreclosure against the Defendants decreeing the mortgage sued upon to be a valid, sustaining first lien upon the real estate described therein for the full amount of the judgment, for an order directing the sale, according to Plaintiff's election with or without appraisement, of the property to satisfy the indebtedness secured thereby, and for a decree forever barring the Defendants from any right, title, equity or interest in the property adverse to the title of the purchaser at the sale, and for any additional relief to which Plaintiff may be entitled.

UNITED STATES OF AMERICA

DAVID E. O'MEILIA
United States Attorney

*/s/ Phil Pinnell*

PHIL PINNELL, OBA #7169
Assistant United States Attorney
110 West 7th Street, Suite 300
Tulsa, Oklahoma  74119-1013
(918) 382-2700
phil.pinnell@usdoj.gov

VA Form 26-6334a (Home Loan)
Rev. Sep 1977. Use Optional.
Section 1810, Title 38, U.S.C.
Acceptable to Federal National
Mortgage Association.



OKLAHOMA

# MORTGAGE NOTE

TULSA , Oklahoma,

$ 43400.00    May 28th ·    , 19 87.

For Value Received, The undersigned promise(s) to pay to    FIRSTIER MORTGAGE CO.

, or order, the principal sum of
FORTY THREE THOUSAND FOUR HUNDRED & NO/100         Dollars ($  43400.00  ), with interest from
date at the rate of  TEN       per centum (  10.0 %) per annum on the unpaid balance until paid. The
said principal and interest shall be payable at the office of       FIRSTIER MORTGAGE CO.

in    OMAHA, NEBRASKA
, or at such other place as the holder hereof may designate in writing delivered or mailed
to the debtor, in monthly installments of      THREE HUNDRED EIGHTY & 87/100        Dollars
($   380.87   ), commencing on the first day of    July     , 19 87 ; and continuing on the first
day of each month thereafter until this note is fully paid, except that, if not sooner paid, the final payment
of principal and interest shall be due and payable on the first day of    June 2017.

Privilege is reserved to prepay at any time, without premium or fee, the entire indebtedness or any part thereof not less than the amount of one installment, or one hundred dollars ($100.00), whichever is less. Prepayment in full shall be credited on the date received. Partial prepayment, other than on an installment due date, need not be credited until the next following installment due date or thirty days after such prepayment, whichever is earlier.

If any deficiency in the payment of any installment under this note is not made good prior to the due date of the next such installment, the entire principal sum and accrued interest shall at once become due and payable without notice at the option of the holder of this note. Failure to exercise this option shall not constitute a waiver of the right to exercise the same in the event of any subsequent default. In the event of any default in the payment of this note and if the same is collected by an attorney at law, the undersigned agree(s) to pay all costs of collection, including an attorney's fee of ten per centum (10%) of the amount then owing on this note.

This note is secured by Mortgage of even date executed by the undersigned on certain property described therein and represents money actually used for the acquisition of said property or the improvements thereon.

The undersigned severally waive demand, protest and notice of demand, protest and nonpayment.

*Deborah C. Moore*
DEBORAH C. MOORE

EXHIBIT "A"

## NOTE ALLONGE

**Statement of Purpose:** This Note Allonge is attached to and made part of the Note, for the purpose of Noteholder Endorsements to evidence transfer of interest.

Loan Number: 000000611908      Pool Number: 235167CD

Loan Date:   05/28/87      Original Loan Amount: $ 43,400.00

Original Mortgagor:
DEBORAH C. MOORE, A SINGLE PERSON

Property Address:
  4323   5TH ST
TULSA                    OK  74112-2713

Pay to the Order of
First Nationwide Mortgage Corporation, a Delaware Corporation
Without Recourse
Standard Federal Savings Association, in Conservatorship with the Resolution Trust Corporation, transferee of Standard Federal Savings Bank in Receivership with the Resolution Trust Corporation, formerly known as Standard Federal Savings and Loan Association, formerly known as Standard Savings and Loan Association of Gaithersburg.

By: _____*Connie Dietsch*_____
Name:  Connie Dietsch
Title: Vice President

WITHOUT RECOURSE PAY TO THE ORDER OF:
FROM MIDFIRST BANK
BY: _____
VICE PRESIDENT
BETTE J. GARVER

Pay to the Order of
**MIDFIRST BANK**
Without Recourse
First Nationwide Mortgage Corporation, a Delaware Corporation

By: _____*Susan A. Billings*_____
Name:  Susan Billings
Title: Executive Vice President

WONUM:    881  000000611908                       881611908ALE
Invcode: 1985;SFSA;881          TRACKING #: 881  000000611908
                          51-51-5-0265739

# Note Allonge

Statement of Purpose: This Note Allonge is attached to and made part of the Note, for the purpose of Noteholder Endorsements to evidence transfer of interest.

| | | | |
|---|---|---|---|
| Loan Number: | 881611908 | Pool Number: | 00235167CD |
| Loan Date: | 5/28/87 | Assignee Loan Number: | 38374382 |
| Original Loan Amount: | $43,400.00 | Borrower's Name: | |
| Original Lender Name: | | Deborah C. Moore | |
| FIRSTIER MORTGAGE CO. | | | |

Property Address: 4323 E. 5TH
TULSA, OK 74112

Pay to the Order of

MidFirst Bank, a federally chartered savings association

Without Recourse

First Nationwide Mortgage Corporation, a Delaware Corporation

By: *Donna Kay Bowels*

Name: Donna Kay Bowels

Title: Vice President

Pay to the Order of

SECRETARY OF VETERANS AFFAIRS

Without Recourse

MidFirst Bank, a federally chartered savings association

By: *[signature]*

Name: Betty Seatter

Title: Vice President

38374382ALN

51-51-5-0265739

VA Form 26-6334 (Home Loan)
Revised Sep. 1976. Use Optional.
Section 1810, Title 38, U.S.C. Acceptable to Federal National Mortgage Association.

BOOK 5028 PAGE 610
FirsTier Mortgage Co.
6711 S. Yale Suite 100
Tulsa, Ok. 74136
87/24

602872

**MORTGAGE**

OKLAHOMA

(424 1941)
006-10

TULSA                                                  , Oklahoma,
May 28th                                                  , 19 87

14 80

KNOW ALL MEN BY THESE PRESENTS, That
DEBORAH C. MOORE,
A SINGLE PERSON

hereinafter called the party of the first part, has mortgaged, and hereby mortgages to
FIRSTIER MORTGAGE CO.

a corporation organized and existing under the laws of the    State of Nebraska
hereinafter called the party of the second part, all the
following-described property, situated in the    City of TULSA
County of    TULSA               , in the State of Oklahoma, with all buildings and improvements now or hereafter thereon and the appurtenances, hereditaments, and all other rights thereunto belonging, or in anywise now or hereafter appertaining, and the reversion or reversions, remainder and remainders, rents, issues and profits thereof, and all fixtures now or hereafter attached to or used in connection with the premises herein described and in addition thereto the following-described household appliances, which are, and shall be deemed to be, fixtures and a part of the realty, and are a portion of the security for the indebtedness herein mentioned:

"The Mortgagor convenants and agrees that so long as this Mortgage and the Note hereby secured and insured under the provisions of the Servicemen's Readjustment Act, he will not execute or file of record any instrument which imposes a restriction upon the sale or occupancy of the mortgaged property on the basis of race, color or creed. Upon any violation of this undertaking, the Mortgagee may, at its option, declare the unpaid balance of the debt secured hereby immediately due and payable."

"Should the Veterans Administration fail or refuse to issue its guaranty, in the full amount committed upon by the Veterans Administration, under the provisions of the Servicemen's Readjustment Act of 1944, as amended, within sixty days from the date this loan would normally become eligible for such guaranty, the holder may declare the indebtedness hereby secured at once due and payable and may foreclose immediately or may exercise any other rights hereunder or take any other proper action as by law provided."

said premises being more particularly described as follows, to wit:

LOT FIFTEEN (15), BLOCK ONE (1), CLAY-LIND HEIGHTS, AN
ADDITION TO THE CITY OF TULSA, COUNTY OF TULSA, STATE
OF OKLAHOMA, ACCORDING TO THE RECORDED PLAT THEREOF.

A/K/A  4323 E. 5TH, TULSA, OK.  74112

STATE OF OKLAHOMA
TULSA COUNTY
FILED OR RECORDED

87 JUN -4 PM 2: 55

JOAN HASTINGS
TULSA COUNTY CLERK

EXHIBIT "B"

BOOK 5028 PAGE 611

TO HAVE AND TO HOLD the premises above described, together with the rights and claims of Homestead and Exemption of the said party of the first part, to said party of the second part, forever.

This Mortgage is given to secure the payment of the principal sum of FORTY THREE THOUSAND FOUR HUNDRED Dollars ($ 43400.00 ), and other obligations mentioned herein, according to the terms and conditions of a certain note of even date herewith executed by the party of the first part to the party of the second part, which note is in words and figures as follows:

TULSA, Oklahoma
May 28th, 197_

$ 43400.00

FOR VALUE RECEIVED, the undersigned promise(s) to pay to FIRSTIER MORTGAGE CO. , or order, the principal sum of FORTY THREE THOUSAND FOUR HUNDRED & NO/100 Dollars ($ 43400.00 ), with interest from date, at the rate of TEN per centum (10.0 %) per annum on the unpaid balance until paid. The said principal and interest shall be payable at the office of FIRSTIER MORTGAGE CO. in OMAHA, NEBRASKA , or at such other place as the holder hereof may designate in writing delivered or mailed to the debtor, in monthly installments of THREE HUNDRED EIGHTY & 87/100 Dollars ($ 380.87 ), commencing on the first day of July , 197_ , and continuing on the first day of each month thereafter until this note is fully paid, except that, if not sooner paid, the final payment of principal and interest shall be due and payable on the first day of June 2017 ,

Privilege is reserved to prepay at any time, without premium or fee, the entire indebtedness or any part thereof not less than the amount of one installment, or one hundred dollars ($100.00), whichever is less. Prepayment in full shall be credited on the date received. Partial prepayment, other than on an installment due date, need not be credited until the next following installment due date or thirty days after such prepayment, whichever is earlier.

If any deficiency in the payment of any installment under this note is not made good prior to the due date of the next such installment, the entire principal sum and accrued interest shall at once become due and payable without notice at the option of the holder of this note. Failure to exercise this option shall not constitute a waiver of the right to exercise the same in the event of any subsequent default. In the event of any default in the payment of this note and if the same is collected by an attorney at law, the undersigned agree(s) to pay all costs of collection, including an attorney's fee of ten per centum (10%) of the amount then owing on this note.

This note is secured by Mortgage of even date executed by the undersigned on certain property described therein and represents money actually used for the acquisition of said property or the improvements thereon.

The undersigned severally waive demand, protest, and notice of demand, protest, and nonpayment.

DEBORAH C. MOORE
..............................................................................
..............................................................................
..............................................................................
..............................................................................

The said party of the first part covenants and agrees:

1. He is lawfully seized in fee (or such other estate, if any, as is herein stated) of the premises hereby conveyed and has good right to sell and convey the same as aforesaid; that the said premises are clear of all encumbrances except as herein otherwise recited; and that he will forever warrant and defend the aforesaid title to the said premises against all claims and demands. The party of the first part also warrants that he will keep the property hereby conveyed free and clear of all liens and encumbrances which might be prior to the lien of this Mortgage, except as otherwise recited.

2. He will pay all of said sums, payments and interest mentioned in said note and in this Mortgage, as they become due and payable. Privilege is reserved to prepay at any time, without premium or fee, the entire indebtedness or any part thereof not less than the amount of one installment, or one hundred dollars ($100.00), whichever is less. Prepayment in full shall be credited on the date received. Partial prepayment, other than on an installment due date, need not be credited until the next following installment due date or thirty days after such prepayment, whichever is earlier. Failure to make the payments provided for in the note and in this Mortgage shall be a breach of the conditions of this Mortgage and render the same subject to foreclosure; and the party of the first part further agrees that in case any ground rents, taxes, charges, or assessments covered by paragraph 12 hereof shall be allowed by the party of the first part to become delinquent, the party of the second part shall have the right to pay the same, together with any interest, penalties, costs and expenses which may have accrued thereon according to law at the time the same are paid, and if the party of the first part shall fail or refuse to reimburse the party of the second part for any such payments, with interest thereon at the rate provided for in the principal indebtedness from the date of such payment, within thirty (30) days after demand of the party of the second part, such failure or refusal shall be a breach of the conditions of this Mortgage and render the same liable to foreclosure.

3. Upon the request of the party of the second part the party of the first part shall execute and deliver a supplemental note or notes for the sum or sums advanced by the party of the second part for the alteration, modernization, improvement, maintenance, or repair of said premises, for taxes or assessments against the same and for any other purpose authorized hereunder. Said note or notes shall be secured hereby on a parity with and as fully as if the advance evidenced thereby were included in the note first described above. Said supplemental note or notes shall bear interest at the rate provided for in the principal indebtedness and shall be payable in approximately equal monthly payments for such period as may be agreed upon by the creditor and debtor. Failing to agree on the maturity, the whole of the sum or sums so advanced shall be due and payable thirty (30) days after demand by the creditor. In no event shall the maturity extend beyond the ultimate maturity of the note first described above.

4. The party of the first part will keep the said premises in as good order and condition as they are now and will not commit or permit any waste, impairment or deterior t of said premises or any part thereof, except reasonable wear and tear.

BOOK 5028 PAGE 612

006-10

5. Upon any default being made in the payment of any monthly installment of principal and interest as provided in the note secured hereby, or in the payment of any of the monthly sums for ground rents, taxes, assessments, and fire and other hazard insurance, or upon any default in payment thirty (30) days after demand of any money advanced by the party of the second part on account of any proper cost, charge, commission, or expense in and about the same, or expense of litigation, all as hereinafter provided for, or upon failure or neglect faithfully and fully to keep and perform any of the other conditions or covenants herein provided; then upon any and every such default being so made as aforesaid, the whole sum of money hereby secured may, at the option of the party of the second part, be declared due and payable at once, and this Mortgage may thereupon be foreclosed for the whole of said money, interest, and costs, together with the statutory damages in case of protest; and the party of the second part shall, upon the filing of petition for the foreclosure of this Mortgage, be forthwith entitled to the immediate possession of the above-described premises, and may at once take possession and receive and collect the rents, issues, and profits thereof. For value received, the party of the first part hereby expressly waives all benefits of all homestead and exemption laws; and appraisement of said premises is hereby expressly waived or not waived at the option of Mortgagee, such option to be exercised at the time judgment is rendered in any foreclosure hereof.

6. In case of a foreclosure of this Mortgage, and as often as any proceedings shall be taken to foreclose the same, the party of the first part will pay to the plaintiff therein an attorney's fee of ten per centum (10%) of the amount then due, and the same shall be a further charge and lien upon the said premises.

7. AS ADDITIONAL SECURITY for the payment of the indebtedness aforesaid the party of the first part does hereby assign to the party of the second part all the rents, issues, and profits now due or which hereafter may become due for the use of the premises hereinabove described. The party of the first part shall be entitled to collect and retain all of said rents, issues, and profits until default hereunder, EXCEPT rents, bonuses, and royalties resulting from oil, gas, or other mineral leases or conveyances thereof now or hereafter in effect. The lessee, assignee, sublessee, or purchaser of production of any such oil, gas or mineral lease is directed to pay any profits, bonuses, rents, revenues or royalties to the owner of the indebtedness secured hereby.

8. The granting of any extension or extensions of time of payment of said note, either to the maker or to any other person, or the taking of other or additional security for payment thereof, or the waiver of or failure to exercise any right to mature the whole debt under any covenant or stipulation herein contained, shall not in anywise affect this Mortgage nor the rights of the said party of the second part hereunder, nor operate as a release from any personal liability upon said note nor under any covenant or stipulation herein contained.

9. In the event the money loaned by the party of the second part and secured hereby shall be used to pay off or discharge any lien or encumbrance upon or against said property, the party of the second part, at its option and without prejudice to any other rights or remedies, shall be subrogated, to all such liens or encumbrances so discharged, satisfied or paid, and to all the rights of the person or persons to whom such payments have been made.

10. Together with, and in addition to, the monthly payments of principal and interest payable under the terms of the note secured hereby, the party of the first part will pay to the party of the second part, as trustee (under the terms of this trust as hereinafter stated) on the first day of each month until the said note is fully paid, the following sums:

    (a) A sum equal to the ground rents, if any, and the taxes and special assessments next due on the premises covered by this Mortgage, plus the premiums that will next become due and payable on policies of fire and other hazard insurance on the premises covered hereby (all as estimated by the party of the second part, and of which the party of the first part is notified) less all sums already paid therefor divided by the number of months to elapse before one month prior to the date when such ground rents, premiums, taxes and assessments will become delinquent, such sums to be held by party of the second part in trust to pay said ground rents, premiums, taxes and special assessments before the same become delinquent.

    (b) The aggregate of the amounts payable pursuant to subparagraph (a) and those payable on the note secured hereby, shall be paid in a single payment each month, to be applied to the following items in the order stated:

        (I) ground rents, if any, taxes, assessments, fire and other hazard insurance premiums;
        (II) interest on the note secured hereby; and
        (III) amortization of the principal of said note.

Any deficiency in the amount of such aggregate monthly payment shall, unless made good by the party of the first part prior to the due date of the next such payment, constitute an event of default under this Mortgage. At the option of the party of the second part, the party of the first part will pay a "late charge" not exceeding four per centum (4%) of any installment when paid more than fifteen (15) days after the due date thereof to cover the extra expense involved in handling delinquent payments, but such "late charge" shall not be payable out of the proceeds of any sale made to satisfy the indebtedness secured hereby, unless such proceeds are sufficient to discharge the entire indebtedness and all proper costs and expenses secured thereby.

11. If the total of the payments made by the party of the first part under (a) of paragraph 10 preceding shall exceed the amount of payments actually made by the party of the second part as trustee for ground rents, taxes and assessments, or insurance premiums, as the case may be, such excess shall be credited on subsequent payments to be made by the party of the first part for such items or, at the option of the party of the second part as trustee, shall be refunded to the party of the first part. If, however, such monthly payments shall not be sufficient to pay such items when the same shall become due and payable, then the party of the first part shall pay to the party of the second part as trustee any amount necessary to make up the deficiency. Such payment shall be made within thirty (30) days after written notice from the party of the second part stating the amount of the deficiency, which notice may be given by mail. If at any time the party of the first part shall tender to the party of the second part, in accordance with the provisions of the note secured hereby, full payment of the

BOOK 5028 PAGE 610

13. He will pay all prop● osts, charges, commissions or expens● litigation and in default thereof the party of the second part may pay the same, and any sum or sums so paid shall be added to the debt secured hereby, shall be payable thirty (30) days after demand, shall bear interest at the rate provided for in the principal indebtedness from date of payment and shall be secured by this Mortgage.

14. He will continuously maintain hazard insurance, of such type or types and amounts as the party of the second part may from time to time require, on the improvements now or hereafter on said premises, and except when payment for all such premiums has theretofore been made under (a) of paragraph 10 hereof, he will pay promptly when due any premiums therefor. All insurance shall be carried in companies approved by the party of the second part, and the policies and renewals thereof shall be held by the party of the second part, and have attached thereto loss payable clauses in favor of and in form acceptable to the party of the second part. In event of loss he will give immediate notice by mail to the party of the second part, who may make proof of loss if not made promptly by the party of the first part, and each insurance company concerned is hereby authorized and directed to make payment for such loss directly to the party of the second part instead of to the party of the first part and the party of the second part jointly, and the insurance proceeds, or any part thereof, may be applied by the party of the second part at its option either to the reduction of the indebtedness hereby secured or to the restoration or repair of the property damaged. In event of foreclosure of this Mortgage, or other transfer of title to the said premises in extinguishment of the indebtedness secured hereby, all right, title and interest of the party of the first part in and to any insurance policies then in force shall pass to the purchaser or grantee.

15. If the indebtedness secured hereby be guaranteed or insured under Title 38, United States Code, such Title and Regulations issued thereunder and in effect on the date hereof shall govern the rights, duties and liabilities of the parties hereto, and any provisions of this or other instruments executed in connection with said indebtedness which are inconsistent with said Title or Regulations are hereby amended and supplemented to conform thereto.

If the foregoing covenants and conditions are fully kept and performed, this conveyance shall be void; otherwise it is to remain in full force and effect.

Notice of the exercise of any option granted herein, or in the note secured hereby, to the holder of said note, is not required to be given.

The covenants herein contained shall bind, and the benefits and advantages shall inure to, the respective heirs, executors, administrators, successors, and assigns of the parties hereto. Whenever used, the singular number shall include the plural, the plural the singular, and the use of any gender shall include all genders and the term "party of the second part" shall include any payee of the indebtedness hereby secured or any transferee thereof whether by operation of law or otherwise.

IN WITNESS WHEREOF, the party of the first part has hereunto set her hand and seal the day and year first above written.

Signed, sealed, and delivered in the presence of:

_Deborah C. Moore_ [SEAL]
DEBORAH C. MOORE
[SEAL]
[SEAL]
[SEAL]

STATE OF OKLAHOMA, } ss:
COUNTY OF TULSA

ACKNOWLEDGMENT

Before me, DORIS I. COOK, a Notary Public in and for said County and State, on this 28th day of May, 19 87, personally appeared DEBORAH C. MOORE, A SINGLE PERSON, to me known to be the identical person who executed the within and foregoing instrument, and acknowledged to me that she executed the same as her free and voluntary act and deed for the uses and purposes therein set forth.

Witness my hand and official seal the day and year last above written.

DORIS L. COOK  _Doris L. Cook_
Notary Public.

[SEAL]

My commission expires 7/23/89

Return To:

STATE OF OKLAHOMA

Mortgage

TO

STATE OF OKLAHOMA, } ss:
County of

Filed in the office of the County Clerk for _____ record this _____ day of _____ 19 ___, at _____ o'clock _____ m., and recorded in Book of Mortgages, on page _____ of _____

The within instrument has been compared with the record thereof in this office, and the record there made found correct in every particular, and the same has been properly indexed, in accordance with the laws of Oklahoma.

_____ County Clerk.

(Seal) _____ Deputy

TULSA COUNTY CLERK - JOAN HASTINGS    RCPT 12033    01/27/94 11:36:11
DOC # 94010893    FEE    10.00    PGS 2    B/P 5589/0283-0284

5589    0283

### GENERAL WARRANTY DEED

62.25

THIS INDENTURE made this 16th day of January, 1994, between BRENDA K. BARRETT AS ATTORNEY IN FACT FOR DEBORAH C. MOORE, a single person, party of the first part (Grantor), and JOSEPH W. LINKENHEIMER, III, a single person, and JENNIFER R. WIRT, a single person, party of the second part (Grantee).

WITNESSETH, that in consideration of the sum of TEN AND NO/100 DOLLARS ($10.00), the receipt of which is hereby acknowledged, said party grantor does, by these presents, grant, bargain, sell and convey unto said party of the second part, their heirs and assigns, all of the following described real estate, situated in Tulsa County, State of Oklahoma, to-wit:

Lot Fifteen (15), Block One (1), CLAY-LIND HEIGHTS, an Addition to the City of Tulsa, County of Tulsa, State of Oklahoma, according to the recorded plat thereof.

Grantees assume and hold grantor harmless from that mortgage to Standard Federal Savings Association dated 8/21/89 recorded in book 5202 page 270 in the original principal amount of $43400 with a current approximate balance of $41260.52.

TO HAVE AND TO HOLD THE SAME together with all and singular the tenements, hereditaments and appurtenances thereto belonging or in any wise appertaining forever. And said BRENDA K. BARRETT, AS ATTORNEY IN FACT FOR DEBORAH C. MOORE, her successors and assigns, does hereby covenant, promise and agree to and with said party of the second part, at the delivery of these presents that she is lawfully seized in her own right of an absolute and indefeasible estate of inheritance in fee simple, of and in all singular the above granted and described premises, with the appurtenances; that the same is free, clear and discharged and unencumbered of and from all former and other grants, titles, charges, estates, judgments, taxes, assessments and encumbrances, of whatsoever nature and kind and that said party of the first part will WARRANT AND FOREVER DEFEND the same unto the party of the second part, their successors and assigns, against the party of the first part, her successors and assigns, and all and every person or persons whomsoever, lawfully claiming or to claim the same.

IN WITNESS WHEREOF, the said party of the first part has caused these presents to be signed in her name, the year and day first above written.

*Brenda K. Barrett*
BRENDA K. BARRETT AS ATTORNEY IN FACT FOR DEBORAH C. MOORE, Grantor

*Joseph W. Linkenheimer, III*
JOSEPH W. LINKENHEIMER, III, Grantee

*Jennifer Wirt*
JENNIFER R. WIRT, Grantee

OKLAHOMA Documentary Tax
JAN 27 '94    =62.25

**EXHIBIT "C"**

Tulsa County Clerk - EARLENE WILSON
Doc # 2006131736 Pages 1
Receipt # 894681   11/15/06   11:14:31
Fee 13.00


*000894681003*

Prepared by:
Midland Mortgage Company/Midfirst Bank
999 NW Grand Blvd, Suite 100
Oklahoma City, OK  73118

## ASSIGNMENT OF MORTGAGE
51-51-5-0265739

FOR VALUE RECEIVED MIDFIRST BANK, 999 NW GRAND BLVD, SUITE 100, OKLAHOMA CITY, OK 73118, A FEDERALLY CHARTERED SAVINGS ASSOCIATION, (HEREINAFTER CALLED THE "ASSIGNOR"), DOES HEREBY GRANT, CONVEY, ASSIGN, TRANSFER AND SET OVER, WITHOUT RECOURSE, AND WITHOUT WARRANTY, EXPRESS OR IMPLIED, TO THE SECRETARY OF VETERAN'S AFFAIRS, AN OFFICER OF THE UNITED STATES OF AMERICA, SUCCESSORS OR ASSIGNS, REGIONAL OFFICE, 6900 ALMEDA ROAD, HOUSTON, TX 77030-4200 (HEREINAFTER CALLED THE "ASSIGNEE"), ITS SUCCESSORS AND ASSIGNS, ALL OF THE ASSIGNOR'S RIGHTS, TITLE AND INTEREST IN AND TO:

1.THE NOTE (HEREIN CALLED THE "NOTE"), EVIDENCING THE INDEBTEDNESS SECURED BY THE MORTGAGE.
2.THE MORTGAGE (HEREIN CALLED THE "MORTGAGE"), DATED MAY 28, 1987, EXECUTED BY DEBORAH C. MOORE, A SINGLE PERSON, TO FIRSTIER MORTGAGE CORPORATION, A CORPORATION ORGANIZED AND EXISTING UNDER THE LAWS OF THE STATE OF NEBRASKA, RECORDED ON JUNE 4, 1987, RECORDED AS BOOK NO. 5028, PAGE NO. 610, FILED AND RECORDED IN THE CLERK OF COURT OFFICE OF TULSA COUNTY, STATE OF OKLAHOMA, THE FOLLOWING DESCRIBED REAL PROPERTY AND ALL IMPROVEMENTS:

LOT FIFTEEN (15), BLOCK ONE (1), CLAY-LIND HEIGHTS, AN ADDITION TO THE CITY OF TULSA, COUNTY OF TULSA, STATE OF OKLAHOMA, ACCORDING TO THE RECORDED PLAT THEREOF.

A/K/A 4323 E. 5TH, TULSA, OK. 74112

IN WITNESS WHEREOF, THE ASSIGNOR HAS CAUSED THIS INSTRUMENT TO BE EXECUTED AND ITS CORPORATE SEAL AFFIXED HERETO BY AUTHORITY DULY GIVEN THIS 4TH DAY OF JANUARY, 2006.

MIDFIRST BANK                               MIDFIRST BANK

_Sharon Beringer_                           _Pat Anglin_
SHARON BERINGER, ASSISTANT SECRETARY        PAT ANGLIN, VICE PRESIDENT

STATE OF OKLAHOMA   )
                    ) ss.
COUNTY OF MCCLAIN   )

SIGNED, SEALED AND DELIVERED IN THE PRESENCE OF:

_Jennifer Pritchard_
JENNIFER PRITCHARD/WITNESS

_LaToya Edwards_
LATOYA EDWARDS/WITNESS

ON THIS 4TH DAY OF JANUARY, 2006, BEFORE ME, A NOTARY PUBLIC, IN AND FOR SAID COUNTY, PERSONALLY APPEARED PAT ANGLIN AND SHARON BERINGER, TO ME PERSONALLY KNOWN, WHO BEING BY ME DULY SWORN DID SAY THAT THEY ARE THE VICE PRESIDENT AND ASSISTANT SECRETARY OF MIDFIRST BANK, A FEDERALLY CHARTERED SAVINGS ASSOCIATION, THAT THE SEAL AFFIXED TO SAID INSTRUMENT IS THE SEAL OF SAID CORPORATION AND THAT SAID INSTRUMENT WAS SIGNED AND SEALED ON BEHALF OF THE CORPORATION BY AUTHORITY OF ITS BOARD OF DIRECTORS AND THAT THEY ACKNOWLEDGED THE EXECUTION OF SAID INSTRUMENT TO BE THE VOLUNTARY ACT AND DEED OF SAID CORPORATION, EXECUTED FOR THE USES AND PURPOSES SET FORTH.

IN TESTIMONY WHEREOF, I HAVE HEREUNTO SET MY HAND AND OFFICIAL SEAL THIS 4TH DAY OF JANUARY, 2006.

_Deborah Shetter_
DEBORAH SHETTER / NOTARY PUBLIC

MY COMMISSION EXPIRES: 9/9/06

Return to after Recording
DEPARTMENT OF VETERANS AFFAIRS
VA REGIONAL LOAN CENTER (362/264)
ATTN: NELLIE DREW
6900 ALMEDA ROAD
HOUSTON, TX 77030


DEBORAH SHETTER
McClain County
Notary Public in and for State of Oklahoma
Commission # 02015373 Expires 9/9/06

**EXHIBIT "D"**